**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **Malibu Media, LLC,** |
| *Plaintiff*, |
| **v.** |
| **John Does 1–11,** |
| *Defendants*. |

Civil Action No. 12-1118 (ESH)

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (July 9, 2012 [Dkt. No. 2]).  The Court will grant plaintiff's motion in part.  Plaintiff may serve Rule 45 subpoenas seeking subscribers' identifying information on each of the Internet Service Providers ("ISPs") listed on Exhibit B to plaintiff's motion, but, pursuant to *Malibu Media, LLC v. John Does 1–16*, No. 12-cv-0235 (RLW), 2012 WL 1681819 (D.D.C. April 11, 2012), the Court "will order the ISPs to provide notice to their subscribers at least 10 days prior to disclosure to Plaintiff, which would allow any of the John Does an opportunity to object or intercede, as this is the best compliance that can be achieved [in the circumstances] under Rule 45(b)(1)." *Id.* at *2.  Furthermore, as Judge Wilkins "note[d]," plaintiff's proposed order "contains several findings that the Court is not inclined to rule upon at this time." *Id.*  "Specifically, . . . the Court will not make any finding with regard to any fees the ISPs may charge in connection with providing the subpoenaed information." *Id.*

Therefore, it is hereby **ORDERED** that:

1.      Having established that good cause exists for it to serve third party subpoenas on

1

the ISPs listed on Exhibit B to its Motion, plaintiff may serve each of the ISPs with a Rule 45

subpoena commanding each ISP to provide plaintiff with the true name, address, telephone

number, email address, and Media Access Control ("MAC") address of the defendant to whom

the ISP assigned an IP address as set forth on Exhibit A.  *See Call of the Wild Movie, LLC v.*

*Does 1–1,062*, 770 F. Supp. 2d 332, 350–353 (D.D.C. 2011) (applying the five-part test

originally explicated in *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 564–65

(S.D.N.Y. 2004), and approved in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir.

2010), in concluding that good cause existed for a similar subpoena to issue).  Plaintiff shall

attach to any such subpoena a copy of this Order.

       2.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

service provider that is identified in response to a subpoena as a provider of internet services to

one of the defendants.

       3.      Ten days prior to the disclosure of identifying information, each of the ISPs shall

give notice to each subscriber identified in response to a subpoena.

       4.      If any particular defendant has been voluntarily dismissed, then any motion filed

by said defendant objecting to the disclosure of his or her identifying information is hereby

denied as moot.  Notwithstanding the foregoing, the applicable ISP shall withhold the moving

defendant's identifying information from plaintiff unless and until plaintiff obtains a subsequent

court order authorizing the disclosure.

       5.      Plaintiff may only use the information disclosed in response to a Rule 45

subpoena served on an ISP for the purpose of protecting and enforcing plaintiff's rights as set

forth in its complaint.

       **SO ORDERED.**

 

 

 

_____/s/_____

ELLEN SEGAL HUVELLE

United States District Judge

Date:   July 9, 2012