## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

                *Plaintiff*,

       v.                         **Civil Action No. 12-1118 (ESH)**

DOES 1–11,

                *Defendants.*

## MEMORANDUM OPINION

Plaintiff Malibu Media, LLC, the owner of the copyright for a movie entitled "Pretty Back Door Baby" (the "Movie"), has sued 11 Doe defendants alleging that they infringed plaintiff's copyright by downloading a portion of the Movie by means of the BitTorrent protocol. (Complaint, July 9, 2012 [Dkt. No. 1] ("Compl.") ¶¶ 11, 14–42.)  Plaintiff's complaint identifies the Doe defendants by their Internet Protocol ("IP") addresses only.  (*Id.*, Ex. B.)  On July 9, 2012, the Court granted in part and denied in part plaintiff's motion for leave to serve third party subpoenas on the Doe defendants' internet service providers (ISPs) prior to a Rule 26(f) conference.  (*See* Order, July 9, 2012 [Dkt. No. 5].)  The Court's July 9 Order permitted plaintiff to subpoena the Doe defendants' ISPs, but required the ISPs to provide notice to the targeted subscribers that plaintiff was seeking their identifying information at least ten days prior to providing plaintiff with that information.  (*See id.* at 1 (citing *Malibu Media, LLC v. John Does 1–16*, No. 12-cv-0235, 2012 WL 1681819, at *2 (D.D.C. April 11, 2012)).)

Before the Court is John Doe 7's Motion to Dismiss or Sever for Misjoinder (Aug. 23, 2012 [Dkt. No. 9] ("Doe Mot.")) and plaintiff's opposition (September 6, 2012 [Dkt. No. 12]

("Pl. Opp'n")).  Doe 7 argues that he and the other Doe defendants have been improperly joined in this single action and that, pursuant to Fed. R. Civ. P. 21, severance and dismissal are proper. For the reasons stated, the Court will grant Doe 7's Motion and dismiss Does 2–11 from this case without prejudice.

## ANALYSIS

The legal principles governing severance and joinder are well established.

"The court may sever claims if parties are improperly joined." *Davidson v. Dist. of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (citing Fed. R. Civ. P. 21). "In determining whether parties are misjoined for purposes of Rule 21, courts apply the permissive joinder requirements of Rule 20(a)." *Id.* (citing *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008)). Defendants are properly joined if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[T]he two prongs of Rule 20(a) 'are to be liberally construed in the interest of convenience and judicial economy . . . in a manner that will secure the just, speedy, and inexpensive determination of th[e] action.'" *Davidson*, 736 F. Supp. 2d at 119 (second and third alterations in the original) (quoting *Lane v. Tschetter*, No. 05-cv-1414 (EGS), 2007 WL 2007493, at *7 (D.D.C. July 10, 2007)).  If the Rule 20(a) test is not satisfied, however, then defendants are not properly joined and the claims against them can be severed under Rule 21. *See, e.g.*, *id.* at 119–22.

Pursuant to the first prong of the Rule 20(a) test, [plaintiff's] claims against defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2), only if they are "'logically related.'" *Maverick Entm't Grp., Inc. v. Does 1–2,115*, 810 F. Supp. 2d 1, 12 (D.D.C. 2011) (quoting *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)); *accord Bederson v. United States*, 756 F. Supp. 2d 38, 54 (D.D.C. 2010).  "The logical relationship test is flexible because 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Disparte*, 223 F.R.D. at 10 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  Yet, [plaintiff] "cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; *some allegation of concerted action between defendants is required.*" *Grynberg v. Alaska Pipeline Co.*, No. 95-cv-725(TFH), 1997 WL 33763820, at *1 (D.D.C. March 27, 1997) (emphasis added); *see id.* at *2 (examining cases and concluding that "[c]ourts have not joined totally independent actors, without any allegation of concert or conspiracy" (citing *United States v. Mississippi*, 380 U.S. 128 (1965);

2

*Nassau Cnty. Ass'n of Ins. Agents v. Aetna Life & Cas.*, 497 F.2d 1151 (2d Cir. 1974); *Cohen v. Dist. of Columbia Nat'l Bank*, 59 F.R.D. 84 (D.D.C. 1972))).

*Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (footnote omitted, citation format altered).[1]

The Court concludes that plaintiff has not satisfied the Rule 20(a) test because plaintiff has not alleged concerted action among the Doe defendants.  Plaintiff alleges that each Doe defendant used BitTorrent, a "common peer-to-peer file sharing protocol[]" (Compl. ¶ 14), to download the same piece of a larger file containing the Movie.  (*See id.* ¶¶ 16–42.)  Key to plaintiff's joinder theories are the following allegations:

> Once a peer receives a piece of the computer file, here a piece of the [Movie], it starts transmitting that piece to the other peers. . . . In this way, all of the peers and seeders are working together in what is called a "swarm." . . . Here, each [Doe defendant] peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

(*Id.* ¶¶ 31–33.[2])

"[A] growing number of district courts have recently held that swarm joinder is not appropriate."  *Malibu Media, LLC v. John Does 1–54*, No. 12-cv-1407, 2012 WL 3030302, at *2

---

[1] The first prong of the two-part Rule 20 test may also be satisfied if "any right to relief is asserted against [defendants] jointly[ or] severally."  Fed. R. Civ. P. 20(a)(2)(A).  Plaintiff "asserts that . . . each of the [Doe defendants] is jointly and severally liable for the infringing activities of each of the other [Doe defendants]" (Compl. ¶ 10), but neither plaintiff's complaint nor its opposition to Doe 7's motion provides any justification for this claim.  Accordingly, the Court will not consider it.

[2] Although the Court does not rely on this fact, it notes that BitTorrent clients—the computer programs used to access the BitTorrent protocol—can be configured such that materials which they download are not accessible, and cannot be uploaded, to other peers.  Thus, the factual basis for plaintiff's assertion that each Doe defendant both downloaded and uploaded a piece of the Movie (Compl. ¶ 31) is dubious.

(D. Colo. July 25, 2012) (collecting cases); *see also Raw Films, Inc. v. Does 1–32*, No. 1:11-cv-2939, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (The swarm joinder theory "has been considered by various district courts, the majority of which have rejected it."). This Court agrees.[3] "[A] plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between [the Doe defendants]." *Malibu Media, LLC v. John Does 1–54*, 2012 WL 3030302, at *2 (internal quotation marks and citation omitted). Plaintiff has not done so here.

> Nothing in the complaint negates the inference that the downloads by the various [Doe] defendants were discrete and separate acts that took place at different times; indeed, the complaint alleges that separate defendants shared access to a file containing a pornographic film in separate and isolated incidents over the course of [45] days. [(*See* Compl., Ex. B.)] In other words, what we have here [are 11] separate and discrete transactions in which [11] individuals used the same method to access a file via the Internet—no concerted action whatever, and no series of related occurrences—at least, not related in any way except the method that was allegedly used to violate the law.

*Digital Sins, Inc. v. John Does 1–245*, No. 11-cv-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012).[4]

---

[3] The Court acknowledges, however, that Judge Howell has recently concluded that the swarm joinder theory is permissible. *See AF Holdings LLC v. Does 1–1,058*, No. 12-cv-048, 2012 WL 3204917, at *14 (D.D.C. Aug. 6, 2012); *see also Malibu Media, LLC v. John Does 1–54*, 2012 WL 3030302, at *2 ("Courts across the country are split on whether this theory of swarm joinder is appropriate." (collecting cases)).

[4] Plaintiff's reliance on *United States v. Mississippi*, 380 U.S. 128 (1965), is misplaced. (*See* Pl. Opp'n at 4.) Indeed, *Mississippi* underscores that joinder is only proper where a plaintiff alleges concerted action among defendants. There, the Supreme Court's conclusion that joinder was proper was contingent on the fact that plaintiff alleged that defendants, individual voter registrars, "had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws" so as to discriminate against people of color. *Mississippi*, 380 U.S. at 142. Individuals who act together as part of a discriminatory system—indeed who are alleged to have acted intentionally to comprise and actively further that system—are a far cry from individuals whose computer programs, with or without the individuals' knowledge, download pieces of a larger file in unconcerted fashion.

Case 1:12-cv-01118-ESH   Document 13   Filed 09/28/12   Page 5 of 6


"There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong."  *Id.* at *2; *see also Malibu Media, LLC v. John Does 1–54*, 2012 WL 3030302, at *3 ("Given the amount of discourse already produced by courts around the country on this issue, the Court finds it unnecessary to write a lengthy opinion about whether joinder is appropriate.").  Rather, the Court explicitly adopts the reasoning put forward by Judge McMahon in *Digital Sins, Inc. v. John Does 1–245*, 2012 WL 1744838, at *1–4, by Judge Motz in *Patrick Collins, Inc. v. Does 1–23*, No. 8:12-cv-087, 2012 WL 1144918, at *1–7 (D. Md. April 4, 2012), and by Magistrate Judge Spero in *Hard Drive Productions, Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1157–65 (N.D. Cal. 2011).  *See also In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-cv-3995, 12-cv-1147, 12-cv-1150, and 12-cv-1154, 2012 WL 1570765, at *11–12 (E.D.N.Y. May 1, 2012).  Ultimately,

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–[11] participated in or contributed to the downloading of each other's [pieces] of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–[11].  Any []pieces[] of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*.  The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Hard Drive Prods.*, 809 F. Supp. 2d at 1163.  For the reasons set forth in these opinions, the Court finds that the Doe defendants in this action are not properly joined and that dismissal of Does 2–11 is appropriate.  Fed. R. Civ. P. 21.[5]

## CONCLUSION

Because the Court concludes that joinder is improper under Fed. R. Civ. P. 20, it will

---

[5] Accordingly, the Court need not reach Doe 7's arguments for quashing the subpoena issued to his ISP or for a protective order.

grant Doe 7's motion and dismiss Does 2–11 without prejudice.  A separate Order accompanies this Memorandum Opinion.

                                        _____/s/_____
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date:   September 28, 2012